United States District Court
Southern District of New York

_____

Nehemiah Rolle a NAACP member
                              Plaintiff,

-against-


Michael L. Twali
                              Defendant.
_____

**Federal Complaint**
**Demanding Trial by Jury**
Equity Lawsuit


# 18 CV 2198

## Preliminary Statement

This civil action involves the **willful and intentional violation under color of state and federal law**

to unlawfully deprive Plaintiffs of his First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth

and Fourteenth of the United States Constitution.  And, involves Article III Section 2, Clause 1, of the

U.S. Constitution which states that Judicial Power shall extend to all cases, in Law and Equity, arising

under this Constitution, the Laws of the United States, treaties made, or which shall be under their

Authority;  . . . . . Article VI, Supreme Law of the Land; the Constitution and laws of the United States,

which shall be made in pursuance thereof.  All treaties made, under the Authority of the United States shall be, bound

by that.  This action is brought in accordance with *Title 42 U.S.C. Sections 1983 and 1985 of the Civil Rights Act.*

This action is brought in accordance with Title U.S.C. Sections 1983 and 1985 of the *Civil Rights Act* specifically the

provision seeking equitable relief and declaratory judgment and is not frivolous but true and backed up with witnesses.

## Jurisdiction of Court

This civil action arises under Article III Section 2, Clause 1, of the U.S. Constitution which that Judicial

Power shall extend to all cases, in Law and Equity, arising under this Constitution, the Laws of the United

States, treaties made, or which shall be, under their Authority;  . . . . Article VI, Supreme Law of the

Land; the Constitution and laws of the United States, which shall be made in pursuance thereof.  All

treaties made, under the Authority of the United States shall be Supreme Law of the Land and the Judges

in every state shall be bound by that.  This action is brought in accordance with *Title U.S.C. Sections 1331*

*and 1342 and Title 42 U.S.C. Sections 1983 and 1985 of the Civil Rights Act.*

1

Right Pursuant to U.S. Constitution Violate By This Defendant

1st Amendment [1791] Citizens of United States have the right to petition the government for a redress of Grievances.

4th Amendment [1791] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, support by Oath or affirmation, and describing the place to be searched, and the persons or things to be seized.

5th Amendment [1791] . . . . **nor deprived of life, liberty, or property, without due process of law**; nor shall private property be taken for public use, without just compensation.

**6th Amendment [1791] In all criminal prosecutions, the accused shall enjoy the right to speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be informed of the nature and causes of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses his favor, and to have the Assistance of Counsel for his defense.**

7th Amendment [1791] In Suits at Common law, where the value in controversy shall exceed twenty Dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

8th Amendment [1791] . . . . nor cruel and unusual punishments inflicted.

9th Amendment [1791] The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

10th Amendment [1791] The power not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

2

14th Amendment [1865] Section 1. All persons born or naturalized in the United States, and subjected to the jurisdiction thereof, is citizens of the United States and of the State wherein they reside. **No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**

## Parties To This Civil Action

1.  Plaintiff, Nehemiah Rolle a citizen of the United States and a NAACP member located at 909 3rd Avenue 6096, New York, New York 10150.

2.  Defendant Michael L. Twali personally, individually, and as Ossining Town official. With respect to transactions and occurrences that form the basis of this complaint against Michael L. Twali in Westchester County located at 86 Spring Street, Ossining, New York 10601 and who was acting under color of State law and in violation of Federal law and the United States Constitution and *Title 42 Section 1983, 1985, and 1992 of the Civil Rights Act.*

## Statement of Claims

3.  The Plaintiff Nehemiah Rolle brings this complaint against the Defendant the who is a state official in Westchester County as a lawsuit of equity to redress deprivations under color of state law for denying them their rights, privileges, or immunities secured by the United States Constitution and to interpose the federal courts between the states and the people, as guardians of the people's federal rights, and to protect the people from unconstitutional actions under color of state law, whether that action is executive, legislative, or judicial.[1] The Plaintiff is affirming that declaratory relief has been unavailable to him and other Black Americans similarly situated.

4.  The Plaintiff brings this federal complaint and claims against the Defendant Michael L. Twali a Ossining Town official because he beginning on October 17, 2016 willfully and intentionally began unlawfully and unjustly depriving and violating the US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States

---

[1] ***See, Mitchum v. Foster** 92 S.Ct. 2151, 2161*

Constitution and Civil Rights of NAACP member Barbara Dixon pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding by engaging in multiple acts of criminal fraud and obstruction of justice and fraud upon the Court and by willful perjury and lying against the NAACP member Barbara Dixon under color of state law.

5. The Plaintiff brings the next claim against the Defendant Michael L. Twali for on October 17, 2018 unlawfully and unjustly and denying the NAACP member Barbara Dixon due process by depriving the NAACP member Barbara of her US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and for violating Civil

Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding by not allowing Plaintiffs a motion and application to dismiss duly filed in the Ossining Town Court on October 16, 2017 to be fully adjudicated and the opposing the party (the state) to answer Plaintiffs motion to dismiss and Plaintiff get a chance to response to that answer of the opposing party and then Plaintiff get a writing ruling on that motion to dismiss.

6. The Plaintiff brings the next claim against the Defendant Michael L. Twali on October 17, 2017 for obstruction of justice and criminal fraud and criminal perjury by Defendant denied Plaintiff due process when Defendant lied and said NAACP member Barbara Dixon could not proceed with filed motion to dismiss based on state court papers that the NAACP member Barbara Dixon duly received from Ossining Town Court clerk the day before on October 16, 2017. Plaintiff observed Defendant Michael L. Twali obstructed of justice and committed criminal fraud and criminal perjury when he lied and said Plaintiff observed personally the Defendant commit perjury and fraud and say"he just got the state court papers on October 17, 2017 when in fact the Defendant knew that NAACP Barbara Dixon received state court papers on October 16, 2016 and the Defendant thereby deprived and violated the NAACP Barbara Dixon's Federal US Constitutional Rights pursuant to 1st, 5th, and 14th and deprived and violated NAACP Barbara Dixon's Federal Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thereby the Defendant criminally obstructed justice by perjury and willfully and intentionally lying to and against the Plaintiff to the deprive and violate the Federal citizenship rights under color of state law and the Plaintiff observed all these overt intentional violations of the US Constitution and Civil Rights Acts along with the

4

7. The Plaintiff brings the next claim against the Defendant for on October 17, 2017 unlawfully and unjustly and fraudulently not allowing NAACP member Barbara Dixon to proceed as her own lawyer as US citizen born in the United States in accordance with the Sixth Amendment to United States Constitution depriving and violating the NAACP Barbara Dixon's Federal US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and NAACP Barbara Dixon's Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thru criminal fraud under color of state law; Plaintiff also brings these claims against the Defendant as a friend of the Court and the United States Constitution.

8. The Plaintiff brings the next claim against the Defendant for on November 28, 2017 unlawfully and unjustly and fraudulently not adjudicating with due process in any legal matter whatsoever that NAACP member Barbara Dixon had duly filed with the Ossining Town Court nor allowing NAACP member Barbara Dixon to get due process on her duly filed motion to proceed to act as her own lawyer in accordance with the Sixth Amendment to United States Constitution depriving and violating the NAACP member Barbara Dixon's Federal US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and Plaintiff's Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thru criminal fraud under color of state law; all which the Plaintiff observed the Defendant do personally.

9. The Plaintiff brings the next claim against the Defendant for on November 28, 2017 unlawfully and unjustly and fraudulently not adjudicating with due process in any legal matter whatsoever of NAACP member Barbara Dixon that was duly filed such as the motion for disqualification and recusal of the Defendant for extreme bias and prejudice and racism/discrimination and for multiple acts of unlawful and unjust fear and intimidation by the Defendant against NAACP member Barbara Dixon in state proceeding thereby depriving and violating the NAACP member Barbara Dixon's Federal US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and NAACP member Barbara Dixon's Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thru criminal fraud under color of state law; all aforementioned acts

10. The Plaintiff brings the next claims against the Defendant Michael L. Twali for on October 17, 2017 November 28, 2017, January 09, 2018 and January 30, 2018 for unlawfully and unjustly using and engaging in multiple acts of bullying and strong arm and judicial criminal mafia tactic and criminal fraud against NAACP member Barbara Dixon along with unlawfully and unjustly forcing NAACP member Barbara Dixon to take a corrupt and legally unethical court appointed attorney in the aforementioned state proceedings where the Defendant unlawfully and unjustly and criminally thru fraud and lies and deception conspired to obstruct justice and deprive and violate the Federal US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thru criminal fraud under color of state law; all aforementioned acts which the Plaintiff witnessed and observed the Defendant do personally.

11. The Plaintiff brings the next claim against the Defendant Michael L. Twali for on January 30,2018 unlawfully and unjustly and intentionally and willfully committing criminal fraud against NAACP member Barbara Dixon by falsely saying and fraudulently asserting that NAACP member Barbara Dixon was arrested on a state court supporting deposition that was fraudulently dated September 30, 2018 and fraudulently and subsequently filed with the Ossining Town Court on November 28, 2017 more than a month and half later and this was a supporting deposition that NAACP member Barbara Dixon was not arrested on September 30, 2017 in a misdemeanor matter. And, where the Defendant know for a fact that there was no supporting filed against NAACP Barbara Dixon on October 16, 2017 and October 17, 2017 by one Jermaine Turner a state official and the Defendant again thereby unlawfully and unjustly and criminally thru fraud and lies and fraud conspired to criminally obstruct justice and deprive and violate Federal US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and Plaintiffs Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thru criminal fraud under color of state law.

6

Relief Requested by Plaintiff

Wherefore the Plaintiff seeks first equitable relief and a declaratory judgment saying that this Ossining legal matter should be dismissed against the Plaintiff due to the Defendant multiple acts of unlawfully and unjustly and committing criminally fraud and lies/perjury and criminal conspiracy to obstruct justice and deprive and violate the Federal US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and Plaintiffs Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thru criminal fraud under color of state law; and Plaintiff seeking a declaratory judgment saying that the Defendant be precluded from any involvement in the Ossining Town Court due to the Defendant multiple acts of unlawfully and unjustly and criminally thru fraud and lies and criminally conspiring to obstruct justice and deprive and violate the Federal US Constitutional Rights pursuant to 1st, 5th, and 14th Amendments to the United States Constitution and Plaintiffs Civil Rights pursuant to the Title 42 Section 1983 and 1985 of the Civil Rights Act in a state proceeding and thru criminal fraud under color of state law and Plaintiff is seeking a declaratory judgment after a jury trial on all the claims brought against the Defendant in this Federal Complaint. Further, declaratory relief has not been available to the Plaintiff against the Defendant. If this matter continues Plaintiff reserves the right to seek injunctive relief. The Plaintiff seek after jury trial and conviction of the Defendant and that the Declaratory judgment be used to impeach and removed the Defendant from his position as Ossining Town Court official for violating his oath of office and failing to uphold the United States Constitution and the New York State Constitution and all the laws of the United States and for deprivations of the NAACP Barbara Dixon's rights pursuant to Title 42 U.S.C. Chapter 21 Sections 1983 1985, and 1992 of the Civil Rights Act and United States Constitution; all aforementioned acts which the Plaintiff witnessed and observed the Defendant do personally. In the event Defendant does not answer this federal complaint within 21 days after being served, a default judgment must be granted to Plaintiff and the Defendant be adjudged as if he, the Defendant was convicted after a jury trial.

Signed this _____/2_____ day of _____March_____, 2018. I declare under penalty of perjury that foregoing is true and correct.

7

RUTH MOYSE
Notary Public – State of New York
NO. 01MO6361024
Qualified in Kings County
My Commission Expires Jul 3, 2021

Respectfully submitted,

Plaintiff Nehemiah Rolle a NAACP member acting as his own lawyer
909 3rd Avenue 6096
New York, New York 10150

Sworn to before me 12
day of March, 2018

Notary Public

8